I. A. SCHAFER v. SOUTHERN RAILWAY COMPANY.

(Filed 25 May, 1966.)

**Appeal and Error § 60—**

Decision on appeal that the evidence justified a peremptory instruction upon an issue relates to the evidence of record upon the appeal and is not controlling upon the subsequent trial if there is a material difference in the evidence.

MOORE, J., not sitting.

ON rehearing.

*White, Crumpler, Powell, Pfefferkorn & Green for plaintiff appellant.*

*W. T. Joyner; Womble, Carlyle, Sandridge & Rice for defendant appellee.*

LAKE, J. This cause, filed 14 January 1966, is reported in 266 N.C. 285, 145 S.E. 2d 887. In that opinion it is stated:

"The undisputed evidence is that the defendant, without permission, entered upon land in possession of the plaintiff and dug a ditch thereon. This being denied in the answer, the court should have submitted to the jury the issue: Did the defendant trespass upon the land of the plaintiff, as alleged in the complaint? The jury should have been instructed to answer the issues in the affirmative if they believed the evidence on this point to be true. No such issue was submitted."

In apt time the defendant filed a petition to rehear. The petition was allowed for the sole purpose of clarification of the foregoing paragraph of the original opinion.

That statement was and is intended to relate solely to the rights of the parties upon the evidence contained in the record before us on this appeal. It is not to be construed as a predetermination of the instructions to be given to the jury in the light of evidence presented at the new trial which is to be had in accordance with the opinion of this Court.

The defendant relies upon a contract, executed by the plaintiff and the defendant on 28 August 1946, in which contract the defendant agreed to operate an industrial track "located wholly on the right of way of the railway" for the purpose of affording to the plaintiff facilities for the shipment of his freight. By the agreement title to the rails, materials and fixtures in the said track are vested in the plaintiff, who agreed to maintain the track. The agreement provides, however, that at the election of the defendant it may "perform the work of maintenance" of the track "for account of" the plaintiff. It may be that, on the new trial of this action, the defendant can present evidence to show that the ditch in question is located on its right of way. If so, the above quoted statement in our opinion will not control the instruction to be given to the jury at that trial upon the issue of trespass. The record before us contains no evidence to show that the ditch was located within the boundaries of the defendant's right of way.

Except as herein modified the opinion and decision heretofore announced are reaffirmed.

MOORE, J., not sitting.