HOMER WALTERS AND MACK DONALD CHESTNUTT T/A C & W TRUCKING v. TIRE SALES & SERVICE, INC., A CORPORTION

No. 8012SC816

(Filed 7 April 1981)

1. **Negligence § 29.1– installation of inner tube– sufficiency of evidence of negligence**

In an action to recover for property damage based on negligence in the installation of tires by defendant on plaintiffs' truck, evidence was sufficient to be submitted to the jury where it tended to show that, at the time a tire and inner tube were installed on plaintiffs' truck, the inner tube was too large for the tire and this caused the tube to fail, which in turn caused a blowout resulting in damage to plaintiffs' truck.

2. **Negligence § 29.3– tire blowout – connection between defendant's negligence and accident**

In an action to recover property damages based on negligence of defendant in installing tires on plaintiffs' truck, there was no merit to defendant's contention that plaintiffs failed to establish a causal connection between the action of defendant and the accident in question, since an expert in the field of mechanical engineering and failure analysis testified that, in his opinion, the inner tube was too big for the tire at the time it was installed, causing

creases in the tube which in turn caused the tire failure; this testimony was struck on motion of defendant and the witness was allowed to testify only that in his opinion the creases could or might have caused the failure; the witness was thus not allowed to testify to the degree of certainty which he had as to causation, and defendant then moved for dismissal because the witness was not certain enough; and the trial court erred in striking the witness's answer that, in his opinion, the creases caused the tire failure.

**3. Negligence § 27– condition of tire – testimony by non-expert**

In an action to recover for property damages based on negligence in the installation of tires on plaintiffs' truck by defendant, the trial court erred in excluding testimony by plaintiffs' witness that he checked the tire in question before the trip giving rise to the accident and it did not appear to be flat or leaking air, since such testimony tended to prove that the tire was full before the blowout and was relevant to the issues involved in the case; and there was no merit to defendant's contention that the witness could not testify to this matter without being qualified as an expert.

APPEAL by plaintiffs from *Lane, Judge.* Judgment entered 15 May 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 March 1981.

This is an action for property damage based on negligence and breach of warranty by the defendant. The plaintiffs' evidence showed that in 1975 they owned a 1975 Transtar II International Tractor, cab-over. On 14 March 1975, they purchased from the defendant in Fayetteville, North Carolina, ten tires which were installed by the defendant on their truck. No maintenance was performed on the tires other than checking them for air pressure before 29 June 1975. Mack Donald Chestnutt testified he was driving the truck on 29 June 1975 on Highway 276 west of Clinton, South Carolina. The truck started "pulling" to the right and he lost control of it. The truck ran into the median and turned over, suffering severe damage. When Mr. Chestnutt inspected the truck immediately after the accident, the right front tire was missing, and he was unable to find it.

Richard G. Fennell testified that in the latter part of June 1975, he went to a point on U.S. Highway 276 between Clinton, South Carolina and Laurens, South Carolina and found a tire which was identified as being the tire which had been on the right front wheel of the truck. There were parts of a tube within the tire. The tire and tube were delivered to James Dezern who gave them to John C. Cerny. Mr. Cerny was found to be an expert in the field of mechanical enginering and failure analy-

sis. He testified that he examined the tire and the tube and from his examination he concluded there had been a catastrophic failure or "blowout" of the tire. He found some creases in the inner tube which would have been caused by the inflation of a tube which did not fit the tire. If the tube had been too big for the tire, it would crease or fold when inflated and as the tube revolved while the truck was being driven, the tube would weaken along these creases which would cause it to fail. In his opinion the tube was too big for the tire at the time it was installed either because it was too large when it was manufactured or it had been stretched after manufacture and the creases occurred when the tube was placed in the tire and inflated. Mr. Cerny was asked a hypothetical question which incorporated the matters offered in evidence. In answer to the hypothetical question, he stated that in his opinion the tube could have been the cause of the "blowout" of the tire.

At the end of the plaintiffs' evidence, the court granted the defendant's motion to dismiss. The plaintiffs appealed.

*James R. Nance, Jr. for plaintiff appellants.*

*Russ, Worth, Cheatwood and McFadyen, by Philip H. Cheatwood, for defendant appellee.*

WEBB, Judge.

At the outset, we note that the act of alleged negligence which the plaintiffs contend caused damage to their truck occurred in North Carolina. The accident occurred in South Carolina. South Carolina law governs as to whether the defendant is liable for the alleged negligence. *See Chewning v. Chewning,* 20 N.C. App. 283, 201 S.E. 2d 353 (1973). We believe the law of South Carolina governing liability for negligence is the same as the law of this state so far as the issues are concerned in the case sub judice. *See Mahaffey v. Ahl,* 264 S.C. 241, 214 S.E. 2d 119 (1975) and *Smith v. Fitton and Pittman, Inc.,* 264 S.C. 129, 212 S.E. 2d 925 (1975). In this opinion we do not distinguish between the law of the two states in applying the principles of liability for negligence to the evidence in the case sub judice.

[1] The plaintiffs have offered evidence from which the jury could find that at the time the tire and inner tube were installed on the plaintiffs' truck, the inner tube was too large for the tire and this caused the tube to fail which was the cause of the

"blowout." From this we believe the jury could find the defendant did something which a reasonable man would not do and this was a proximate cause of the accident. It was error to grant the defendant's motion to dismiss the action. *See* 9 Strong's N.C. Index 3d, *Negligence* § 1 for a definition of negligence. The defendant contends there was not sufficient evidence in the record to support a finding that the defendant installed the tire and tube. Mr. Chestnutt testified the truck was carried to the defendant's place of business on 14 March 1975, and the tire was installed. It stayed on the truck until the date of the accident more than three months later. This is evidence from which the jury could find the defendant installed the failed tire and tube. The defendant also contends that the testimony of Mr. Cerny that the tube was too large for the tire placed no responsibility on the defendant. We believe it is a jury question as to whether the defendant, who was in the business of selling tires, acted as a reasonable man in that business in installing a tire with a tube which was too large. *See* W. Prosser, *Handbook of The Law of Torts*, § 32, p. 161 (4th Ed. 1971) for a discussion as to the duty of a reasonable man with superior knowledge in a certain trade.

[2] The defendant also argues that the plaintiffs failed to establish a causal connection between the action of the defendant and the accident in question. On cross-examination Mr. Cerny testified he could find no puncture marks on the tire but if there had been a puncture on the part of the tire he was not able to examine, this could have caused a loss of air. He also testified that driving on the tire while it was underinflated or if the truck was overloaded could damage the tire. The defendant contends these answers on cross-examination leave it to the jury to speculate as to the cause of the failure of the tire. We note that the expert witness testified that in his opinion, the creases in the tube caused the tire failure. This answer was struck on motion of the defendant and the witness was only allowed to testify that in his opinion the creases could or might have caused the failure. It appears that we have a case in which the witness was not allowed to testify to the degree of certainty which he had as to causation and the defendant then moved for dismissal because the witness was not certain enough. *See* 1 Stansbury's N.C. Evidence § 137 (Brandis rev. 1973). In *Mann v. Transportation Co.* and *Tillett v. Transportation Co.*, 283 N.C. 734, 198 S.E. 2d 558 (1973) Chief Justice Sharp indicated that it is

proper for an expert to be allowed to conform his answer as to causation to his true opinion. We hold it was error to strike Mr. Cerny's answer that, in his opinion, the creases caused the tire failure. We believe it was a question for the jury as to whether the other possibilities raised by the witness's answers on cross-examination were the causes of the failure.

[3] Henry W. Denby appeared as a witness for the plaintiffs. He testified he was a truck driver and was riding with Mr. Chestnutt at the time of the accident. He also testified that he checked the right front tire before he began the trip and it did not appear to be flat. He testified further: "It was not leaking air." On motion of the defendant, this statement was stricken. This was error. We believe the jury would have no difficulty deducing that this was the witness's shorthand way of saying that from his examination of the tire, he could not determine that it was leaking. This testimony tended to prove that the tire was full before the failure and was relevant to the issues involved in this case. The defendant contends the witness could not testify to this matter without being qualified as an expert. We do not believe a witness has to be an expert to testify as to whether a tire is leaking.

The appellants have not assigned error to the dismissal of their claim for breach of warranty. We affirm the dismissal of this claim.

We do not discuss the matters brought forward by the appellant's other assignments of error as they may not recur at a subsequent trial.

Reversed and remanded.

Judges HEDRICK and HILL concur.