WILLIAM B. POWELL, SR., ADMINISTRATOR OF THE ESTATE OF WILLIAM B. POWELL, JR. v. ROBERT LEWIS PARKER AND DELORES PARKER

No. 826SC516

(Filed 7 June 1983)

**Death § 7.4— wrongful death action—competency of hypothetical question**
　　　In a wrongful death action, the trial court did not err in allowing an economist to testify concerning the present monetary value of the decedent to

the plaintiff where the economist testified that his opinion was based on decedent's age, race, life expectancy, health, education, the life expectancy of his parents, his work record and earnings, and his living situation and where he further testified that his opinion was consistent with, and took into account, the decedent's sporadic work history and income record.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered on 30 December 1981 in Superior Court, HERTFORD County. Heard in the Court of Appeals 11 April 1983.

This is a civil case wherein the plaintiff seeks to recover damages for the wrongful death of his son allegedly resulting from the negligence of the defendant in the operation of a motor vehicle on 7 July 1980.

The following issues were submitted to and answered by the jury as indicated:

1) Was the death of plaintiff's intestate, William B. Powell, Jr., caused by the negligence of defendant, Robert Lewis Parker, as alleged in the complaint?

ANSWER: Yes.

2) If so, did the plaintiff's intestate, William B. Powell, Jr., by his own negligence contribute to his death as alleged in the answer?

ANSWER: No.

3) What amount of damages is the plaintiff, William B. Powell, Sr., administrator of the estate of William B. Powell, Jr., entitled to recover by reason of the death of William B. Powell, Jr.?

ANSWER: $60,000.00.

4) Was the defendant, Robert Lewis Parker, the agent of the defendant, Delores Parker, at the time of this automobile wreck?

ANSWER: Yes.

From a judgment entered on the verdict, defendants appealed.

*Moore, Van Allen and Allen, by Arch T. Allen, III and C. Steven Mason, for plaintiff appellee.*

*Ragsdale and Liggett, by William Woodward Webb and John Hutson, Jr., for defendant appellants.*

ARNOLD, Judge.

Defendants' several assignments of error present the single question of whether the trial court erred in allowing into evidence the opinion testimony of plaintiff's expert witness, an economist.

Defendants argue that testimony of plaintiff's expert witness, John Fremon Jones, an economist, concerning the present monetary value of the decedent to the plaintiff, and the loss to the plaintiff resulting from the decedent's death, is based on "inadequate, unreliable and misleading factual data" and should therefore have been excluded by the trial court.

The established rule in North Carolina with regard to the opinion testimony of experts is that such evidence is admissible when the witness is better qualified than the jury to draw inferences from the facts. *Matter of Collins*, 49 N.C. App. 243, 271 S.E. 2d 72 (1980). *See generally*, 1 Brandis, N.C. Evidence § 132-134 (1982). North Carolina courts have held that the opinion of an economist, testifying as an expert, is admissible in wrongful death cases. *Beck v. Carolina Power and Light Co.*, 57 N.C. App. 373, 291 S.E. 2d 897 (1982).

Under the rules of evidence in effect at the time of this trial, the proper method of eliciting the opinion of an expert, after qualifying him as such, was to present a hypothetical situation, based on the facts of the case, and ask the witness, first, whether he could form an opinion satisfactory to himself based on those facts and, if so, what that opinion was. *See* 1 Brandis, *supra*, at § 137.

The answer to the hypothetical question must be based on facts that are within the knowledge of the expert or upon the hypothesis of the finding of certain facts recited in the question. *Dean v. Carolina Coach Co., Inc.*, 287 N.C. 515, 215 S.E. 2d 89 (1975).

Thus, in order to be unobjectionable, the hypothetical question must recite sufficient facts to put the premise of the expert's

opinion before the trier of fact in order that the trier of fact may properly evaluate the opinion in its consideration of the evidence. *Schafer v. Southern R.R. Co.*, 266 N.C. 285, 145 S.E. 2d 887, *modified on other grounds*, 267 N.C. 419, 148 S.E. 2d 292 (1965). Once the trial court in its discretion determines that the expert testimony will not mislead the trier of fact, any question as to the sufficiency of the factual basis of the opinion affects the credibility of the testimony but not its competence as evidence.

As long as the hypothetical question meets the above criteria, the questioner has broad latitude in the phrasing of the question. "[T]he interrogator may form his hypothetical question on any theory which can be deduced from the evidence and select as a predicate therefor such facts as the evidence reasonably tends to prove." *Dean*, 287 N.C. at 518, 215 S.E. 2d at 92.

The Supreme Court has adopted the view that the hypothetical question need not include all the facts in evidence, and that the adversary party is protected from prejudice by his right of cross-examination. When the adversary party believes that certain facts or theories material to the issue have been omitted, it is his right and duty to incorporate those facts or theories in his questions on cross-examination, and to ask the expert witness whether his opinion would be modified by their inclusion. *Dean*, 287 N.C. at 520, 215 S.E. 2d at 93.

When the adversary is able, by a thorough cross-examination, to make the trier of fact fully cognizant of any weaknesses or omissions in the recitation of the facts that form the basis of his opinion on direct examination, the court cannot say that the opinion was based on incomplete facts or incorrect inferences from those facts. *Id.* at 521, 215 S.E. 2d at 93.

In applying these principles to wrongful death cases involving the testimony of economist experts, this Court has held that while the probative value of expert testimony may be weakened by the failure to include in the hypothetical question certain facts and data which form the basis of the opinion, it does not render the testimony incompetent. Rather, it is the function of cross-examination to expose the weakness of that expert's opinion. *Rutherford v. Bass Air Conditioning Co.*, 38 N.C. Ap. 630, 248 S.E. 2d 887 (1978); *cert. denied*, 296 N.C. 586, 254 S.E. 2d 34 (1979).

Powell v. Parker

In the present case, the expert witness, John Fremon Jones, was found by the court to be an expert in economics. Defendants posed no objection to this finding.

After counsel for both parties discussed the sufficiency of the hypothetical question with the court, the court allowed the witness, over the objection of defendants' counsel, to answer the question.

Dr. Jones testified that, based on decedent's age, race, life expectancy, health, education, the life expectancy of his parents, his work record and earnings, and his living situation, that he could form an opinion satisfactory to himself as to the present monetary value of the projected net income of the decedent to the plaintiff. Dr. Jones further testified that in forming his opinion he also took into account projected personal maintenance expenditures. He also testified that his figure was consistent with, and took into account, the decedent's sporadic work history and income record. Upon subsequent direct and cross-examination, Dr. Jones testified that his projections were based in part on statistical averages contained in studies published in official government publications. These studies were not introduced into evidence.

Based on the facts in evidence, and on his computations, Dr. Jones testified that $74,004 was a reasonable estimate of the projected loss, reduced to present monetary value, resulting from decedent's death.

Defendants' objection was based primarily on the contention that the evidence tends to show that decedent had, at best, a sporadic work history, and that any projection of future earnings based on this evidence was speculative and therefore misleading to the jury.

The General Assembly, in enacting the wrongful death statute, intended to compensate persons for the loss of their decedents as fully as possible. *Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789 (1973). In allowing recovery under this statute the courts have recognized that some speculation is necessary in determining damages, and that "monetary recovery cannot be denied simply 'because no yardstick for ascertaining the amount thereof has been provided.'" *Beck*, 57 N.C. App. at 381, 291 S.E. 2d at 902, *quoting Bowen*, 283 N.C. at 419, 196 S.E. at 805-06.

In *Beck*, a case involving the wrongful death of a 24 year old male, this Court considered the testimony of an expert economist regarding the decedent's projected earnings. The premises of the expert's opinion in *Beck* were substantially the same as in this case, the only material difference being that the decedent in *Beck* had a short, as opposed to a sporadic, work history. This Court held that it was not error for the trial court to allow the expert testimony of plaintiff's witness. The court in *Beck* concluded that "[s]uch evidence provided a reasonable basis for the computation of damages, even though the result is, at best, only approximate. It is the function of cross-examination to expose any weakness in such testimony." *Beck*, 57 N.C. App. at 382, 291 S.E. 2d at 902.

Further, the jury's award of $60,000 was substantially less than the $74,004 value that plaintiff's expert witness projected, indicating that the jury was not in fact misled by the testimony, as defendants' contention implies.

No error.

Chief Judge VAUGHN and Judge HEDRICK concur.