BARBECUE INN, INC., GUS KOOLES AND WILLIE SCHULDT v. CAROLINA
POWER & LIGHT COMPANY

No. 8728SC514

(Filed 5 January 1988)

1. **Evidence § 47.1— cause of fire—expert testimony—no exclusion for insufficient factual basis**

   Testimony by an expert electrical engineer and fire investigator that one cause of the fire in question was the failure of defendant power company to form drip loops at a service connection which permitted moisture to enter the interior of a conduit and to cause the insulation on the wiring inside the conduit to deteriorate could not be excluded by the trial court on the ground that there was not a sufficient factual basis for the opinion. The witness stated that he was able to infer the presence of moisture from his examination of the conduit, and the trial court could not exclude the opinion testimony merely because it considered this inference to be unreasonable or because the witness failed to examine the wiring inside the conduit. N.C.G.S. § 8C-1, Rule 703.

2. **Evidence § 47— cause of fire—expert testimony—admission of other possible causes**

   An expert witness's opinion testimony as to the cause of a fire was not excludable because the expert admitted on *voir dire* that there were other possible causes of the fire.

3. **Electricity § 7— failure to disconnect electric service—issue submitted**

   In an action against a power company to recover damages resulting from a fire, the trial court did not err in submitting an issue as to whether defendant was negligent in failing to disconnect electric service outside plaintiffs' building "when it knew or should have known that a dangerous condition existed" and in refusing to submit a less specific issue requested by plaintiff as to whether plaintiff was damaged by defendant's negligence.

4. **Electricity § 4— instructions—standard of care for supplier of electricity**

   The trial court's instruction on the standard of care for a supplier of electricity was sufficient, and the court did not err in failing to give plaintiffs' requested instruction on that standard.

5. **Electricity § 4.1— failure to instruct on safety code**

   The trial court did not err in failing to instruct the jury as to the National Electrical Safety Code as it related to the applicable standard of care for a supplier of electricity.

6. **Electricity § 4— power company's superior knowledge of service—failure to instruct**

   The trial court did not err in failing to give plaintiffs' requested instruction that defendant power company's knowledge of its service is supposedly superior to that of its customers where the trial court adequately instructed on the standard of care applicable to a supplier of electricity.

APPEAL by plaintiffs from *Lewis (Robert D.), Judge.* Judgment entered 19 March 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 November 1987.

On 20 September 1985, plaintiffs instituted this action alleging in their complaint that the negligence of defendant Carolina Power & Light Company caused a fire on 30 September 1982 which damaged a building located at 80 North Lexington Avenue, Asheville, North Carolina. At the time of the fire, the building was owned by plaintiff Barbecue Inn, Inc. Plaintiff Gus Kooles is the owner and operator of Barbecue Inn, Inc. Although the business of Barbecue Inn, Inc. was not located at 80 North Lexington Avenue, the second floor of the building at that address was used by plaintiffs as storage for personal property. The first floor of the building was leased to plaintiff Willie Schuldt, who operated an automobile repair business on the premises.

At trial before a jury, plaintiffs' evidence tended to show that the fire was caused by electrical wiring on the second floor of the building. Harley Shuford, the fire and arson investigator for the Asheville Fire Department, testified that wiring inside a metal conduit had come in contact with the conduit, thereby causing electrical arcing which melted the conduit and ignited the second-floor ceiling. Plaintiffs' evidence also showed that defendant had supplied electricity to the building, but that only the first floor had electrical service. There was at one time a meter belonging to defendant located on the second floor. In its answer to plaintiffs' interrogatories, defendant admitted that this meter measured electricity used in an adjacent building. The parties stipulated that said meter was removed on 15 September 1980.

Plaintiffs also offered the testimony of Dr. Sam McKnight, who was tendered without objection as an "expert electrical engineer and expert fire investigator." Dr. McKnight agreed with Mr. Shuford as to the cause of the fire, and testified that the arcing which melted the conduit was caused by a fault in the wiring. Before he testified further, defendant requested a *voir dire* to disclose the facts and data that Dr. McKnight was relying on. During the hearing, Dr. McKnight testified that, in his opinion, there were two causes of the fire. The first cause was that defendant's service connection on the exterior of the building was defective in that defendant had failed to form drip loops and this omission per-

mitted moisture to enter the interior of the conduit which in turn caused the insulation inside the conduit to deteriorate. The second cause was defendant's failure to disconnect electrical service to the second floor of the building at a point outside the building after the meter was removed. After an extensive hearing, the trial court concluded that Dr. McKnight could not testify as to the first cause because there were not sufficient facts to support the opinion. The court allowed testimony as to the second cause.

Defendant did not dispute that the fire was caused by faulty wiring inside the building. Defendant offered evidence tending to show that it was not responsible for the interior wiring, and that it was not negligent in failing to disconnect service at a point outside the building.

At the conclusion of the evidence, the following issue was submitted to the jury:

Was the fire proximately caused by the negligence of Carolina Power & Light Company in failing to disconnect the upstairs service at the outside weatherhead when it knew or should have known that a dangerous condition existed?

The jury answered this issue in the negative, and judgment was entered in favor of defendant. Plaintiffs appeal.

*Long, Parker, Payne and Warren, P.A., by Robert B. Long, Jr., and Steve Warren, for plaintiff-appellants.*

*Brock and Drye, P.A., by Floyd D. Brock, and Fred D. Poisson, Associate General Counsel, Carolina Power and Light Company, for defendant-appellee.*

PARKER, Judge.

Plaintiffs bring forward for argument two assignments of error: (i) the trial court's exclusion of Dr. McKnight's expert testimony as to one cause of the fire, and (ii) the trial court's failure to submit plaintiffs' requested issue to the jury and to give their requested jury instructions. Plaintiffs' third assignment of error, that the court's signing and entry of the judgment was not supported by the evidence, is not presented or argued in their brief. We therefore consider the third assignment of error to be abandoned. Rule 28(b)(5), N.C. Rule App. Proc.

[1]  Plaintiffs first contend that the excluded part of Dr. McKnight's testimony should have been admitted. The excluded testimony specifically relates to defendant's failure to properly connect the electrical service so as to prevent moisture from entering the interior wiring. The trial court assumed for purposes of the *voir dire* only that the proper connections, known as "drip loops," had not been made. Whether drip loops were actually installed is an unresolved question of fact.

During the *voir dire*, Dr. McKnight testified that it was his opinion that the most probable cause of the fire was the presence of moisture in the conduit which caused the insulation on the wiring to deteriorate. Dr. McKnight admitted that, although he had examined the piece of conduit where the arcing that caused the fire occurred, he had not examined the wiring inside the conduit to determine the condition of the insulation at the exact location of the arcing. The conduit in question had been removed from the building and was admitted into evidence at trial. Dr. McKnight offered the following explanation of how he reached his opinion:

> . . . I looked at the conduit, I see the holes on the conduit, I can look at the condition of the wiring at the ends of the conduit as we have them right here, and I can tell what the condition of the insulation is at those points. But again, I cannot tell the condition of the insulation from a direct observation all the way through, but I can infer, from my knowledge of physical principles and chemical principles of fires and of electrical insulation, what the cause of the fire was.

The trial court did not accept the above explanation, and excluded the testimony on the ground that there was not a sufficient factual basis for the opinion.

Plaintiffs argue that the excluded testimony should have been admitted pursuant to Rule 703 of the N.C. Rules of Evidence. Rule 703 provides that the facts or data upon which an expert bases an opinion may be those "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject . . . ." Plaintiffs argue that the trial court in this case erred by making its own determination of what facts and data may reasonably be relied on. In support of their argument, plaintiffs cite several federal cases holding that, under Federal Rule of Evidence 703, the trial court may not use its own

judgment to determine whether the basis of an expert's opinion is reasonable. *See, e.g., Indian Coffee Corp. v. Proctor & Gamble Co.*, 752 F. 2d 891, 894-95 (3d Cir.), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed. 2d 150 (1985). The federal courts have held that the trial judge must make a factual inquiry to determine whether the facts and data in question are of a type reasonably relied on by other experts. *Id.* Before North Carolina adopted Rule 703 of the N.C. Rules of Evidence, which is identical to the federal rule, this Court espoused a similar view: "Once the trial court in its discretion determines that the expert testimony will not mislead the trier of fact, any question as to the sufficiency of the factual basis of the opinion affects the credibility of the testimony but not its competence as evidence." *Powell v. Parker*, 62 N.C. App. 465, 468, 303 S.E. 2d 225, 227, *disc. rev. denied*, 309 N.C. 322, 307 S.E. 2d 166 (1983). This Court has also recognized that whether a sufficient factual basis for an expert opinion exists is often a matter within the witness's area of expertise. *Rutherford v. Air Conditioning Co.*, 38 N.C. App. 630, 639, 248 S.E. 2d 887, 894 (1978), *disc. rev. denied*, 296 N.C. 586, 254 S.E. 2d 34 (1979).

We therefore agree with plaintiff to the extent that the trial court could not properly exclude Dr. McKnight's testimony based on its own determination that the factual basis of the opinion was insufficient. The record is not clear, however, that the trial court excluded the testimony on that basis. The trial court was concerned that Dr. McKnight was basing his ultimate opinion on the assumption that moisture did in fact enter the conduit. The court viewed the presence of such moisture as a question of fact, and ruled that Dr. McKnight could not provide the factual basis of one opinion in the form of another opinion.

The trial court was correct in that the substantive facts needed to support an expert's conclusion cannot be supplied by the opinion itself. *Hubbard v. Oil Co.*, 268 N.C. 489, 494, 151 S.E. 2d 71, 76 (1966). In *Hubbard*, the trial court had allowed an expert to testify that an explosion was caused by vapors which came from spilled gasoline. The Supreme Court held that, while the expert could properly testify that the explosion was caused by gasoline vapors, the testimony as to the source of the vapors should have been stricken because there was no evidence that gasoline had been spilled before the explosion. *Hubbard v. Oil Co.*, 268 N.C. at

494, 151 S.E. 2d at 76. In *Hubbard,* however, the expert's opinion conflicted with the facts in evidence. *Id.* at 495, 151 S.E. 2d at 77. In the present case, Dr. McKnight's opinion is entirely consistent with the established facts. Moreover, Dr. McKnight stated that he was able to infer the presence of moisture from his examination of the conduit. The trial court could not exclude the testimony merely because it considered this inference to be unreasonable. *Indian Coffee Corp. v. Proctor & Gamble Co., supra,* and *Mannino v. International Manufacturing Co.,* 650 F. 2d 846 (6th Cir. 1981).

The other deficiency in the excluded testimony that was indicated by the trial court was the failure of the expert to examine the insulation at the point where arcing had occurred. Evidently, such an examination was not made because the conduit would need to be cut open to do so. The expert's failure to examine the wiring inside the conduit undoubtedly affects the credibility of his testimony. Dr. McKnight testified, however, that he had observed the condition of the wiring at the ends of the conduit and could thereby form an opinion as to the condition of the wiring inside the conduit. Again, the witness stated the factual basis of his opinion, and questions as to the sufficiency of this basis go to the weight of the evidence rather than its admissibility. *Powell v. Parker, supra.*

[2] Defendant contends that additional grounds exist for the exclusion of the testimony. First, defendant argues that the testimony was properly excluded because Dr. McKnight admitted on *voir dire* that there were other possible causes of the fire. This argument has no merit. Expert testimony that a particular cause "could have" or "possibly" produced a particular result is admissible. *State v. Ward,* 300 N.C. 150, 153-54, 266 S.E. 2d 581, 583-84 (1980); *Tadlock v. Motors, Inc.,* 34 N.C. App. 557, 562, 239 S.E. 2d 311, 314 (1977). Defendant also argues that the trial court could have excluded the evidence because its probative value is outweighed by the chance of misleading the jury. This argument is also meritless. The trial court did not exclude the evidence on this ground, and defendant does not explain how the jury would have been misled by the excluded testimony. The transcript of the *voir dire* reveals that defendant's counsel was quite capable of exposing the weaknesses of Dr. McKnight's opinion. There was therefore little danger that any undue prejudice or confusion

would have resulted from its admission. *See Powell v. Parker*, 62 N.C. App. at 468, 303 S.E. 2d at 227.

Accordingly, we hold that the trial court erred in excluding Dr. McKnight's opinion that the fire was caused by the presence of moisture in the conduit. We also hold that the error was prejudicial to plaintiffs. The exclusion of the expert's opinion precluded plaintiffs from presenting the issue of whether defendant was negligent in failing to form drip loops at the outside service connection. Although the credibility of Dr. McKnight's testimony in this regard may be questioned, his opinion was sufficient to warrant submission of the issue to the jury. *See Walters v. Tire Sales & Service*, 51 N.C. App. 378, 381-82, 276 S.E. 2d 729, 731, *disc. rev. denied*, 303 N.C. 320, 281 S.E. 2d 660 (1981); *Tadlock v. Motors, Inc.*, 34 N.C. App. at 562, 239 S.E. 2d at 314.

[3] Plaintiffs next assign error to the trial court's failure to submit plaintiffs' requested issue to the jury. Plaintiffs requested the following issue:

> Were the Plaintiffs injured or damaged by the negligence of the Defendant, Carolina Power & Light Company?

Plaintiffs contend that the issue submitted by the trial court was misleading because it asked the jury to determine whether defendant was negligent in failing to disconnect service outside the building "when it knew or should have known that a dangerous condition existed." Plaintiffs argue that the question of defendant's negligence should not have been made dependent on whether a dangerous condition existed.

Plaintiffs are objecting to the form rather than the substance of the issue. The transcript shows that the trial court rejected plaintiffs' requested issue because the court felt that a more specific formulation of the issue was required. The form and phraseology of issues is in the court's discretion, and there is no abuse of discretion if the issues are sufficiently comprehensive to resolve all factual controversies. *Pinner v. Southern Bell*, 60 N.C. App. 257, 263, 298 S.E. 2d 749, 753, *disc. rev. denied*, 308 N.C. 387, 302 S.E. 2d 253 (1983). Plaintiffs did not specifically object to the form of the issue at trial, and thus waived their right to object on appeal. *Winston-Salem Joint Venture v. City of Winston-Salem*, 65 N.C. App. 532, 536-38, 310 S.E. 2d 58, 61-62 (1983). In any event,

the submitted issue was not erroneous because the fact of the fire clearly established that a dangerous condition did exist.

[4]  Plaintiffs also assign error to the trial court's failure to give several of plaintiffs' requested jury instructions. Plaintiffs first argue that the court erred in failing to instruct the jury that defendant owed to plaintiffs "the highest degree of care for the safe installation, safe maintenance, and safe inspection of the electrical lines and apparatus as is commensurate with the practical operation of the business of electrical utility company [sic]." This argument is totally without merit. The trial court charged the jury as follows:

> [E]lectricity is an inherently dangerous product. Damage can be great, and care and watchfulness must be commensurate with the danger. Consequently, a company supplying it to a customer's building, in the exercise of due care must use a high or highest degree of foresight, and must exercise the utmost diligence in the construction and the maintenance of its wires consistent with the practical application and operation of its own business.

The court's charge is identical in substance to plaintiffs' requested instruction, and was a proper statement of the standard of care. *See Hale v. Power Co.*, 40 N.C. App. 202, 204, 252 S.E. 2d 265, 267, *disc. rev. denied*, 297 N.C. 452, 256 S.E. 2d 805 (1979).

Plaintiffs next argue that the trial court erred in failing to give a detailed instruction concerning the failure of defendant to disconnect service outside the building when it knew or should have known that the lines leading to the second floor were not in use. The trial court instructed the jury that it should find for plaintiff if it was convinced that defendant was negligent in failing to disconnect the lines and that such negligence proximately caused the fire. The court's charge sufficiently presented the issue, and the court was not required to give a more detailed instruction which did not add any substantive matter or essential legal principles. *Morrison v. Stallworth*, 73 N.C. App. 196, 202, 326 S.E. 2d 387, 392 (1985).

[5]  Plaintiff next contends that the court erred in failing to instruct the jury as to the National Electrical Safety Code as it related to the applicable standard of care. While the code is ad-

missible as evidence of the standard of care for electrical utilities, it is not decisive on the issue of negligence, which is controlled by the reasonably prudent person standard. *Phelps v. Duke Power Co.*, 76 N.C. App. 222, 225, 332 S.E. 2d 715, 717, *disc. rev. denied,* 314 N.C. 668, 336 S.E. 2d 401 (1985). Plaintiffs here were permitted to put provisions of the code into evidence. They were not entitled to have it included in the charge to the jury.

[6] Finally, plaintiffs argue that the court erred in failing to give a requested instruction including the phrase "The Defendant's knowledge of its service is supposedly superior to that of its customers." The substance of the entire requested instruction, however, is merely a different wording of the standard of care applicable to a public utility. The requested instruction added nothing of substance, and the court's failure to give it was not prejudicial error. *Morrison v. Stallworth, supra.*

For the above-stated reasons, we find that the trial court committed prejudicial error in excluding portions of the expert testimony offered by plaintiff.

New trial.

Judges EAGLES and MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.