FEDERAL PAPER BOARD COMPANY, INC. AND ARKWRIGHT-BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY, PLAINTIFFS/APPELLANTS v. KAMYR, INC. AND KAMYR INSTALLATIONS, INC., DEFENDANTS/APPELLEES

No. 9013SC453

(Filed 15 January 1991)

1. Negligence § 30 (NCI3d) — installation of flash tank — summary judgment for defendants — improper

Defendants failed to show that there was no genuine issue of material fact in an action arising from an explosion in a flash tank in a continuous digester system at a paper mill where the evidence from plaintiffs' experts tends to show that the continuous digester system was improperly designed and that it did not include sufficient safety relief valves to protect against overpressurization, that it did not have a fail safe system for protecting against such an explosion, that the system was improperly installed, that the primary pressure relief device (a water loop seal) was closed based on defendant Kamyr's recommendation, plaintiffs contend that their systems operator followed Kamyr's operational instructions to avert over-pressurization, and defendants contend that there were sufficient safety relief devices which were not properly operated by or inspected and maintained by plaintiffs, that the system was properly installed, that the water loop seal was an accessory to be installed and maintained by the customer, and that there could not have been an overpressurization if the facts leading up to the explosion were as plaintiffs suggest.

Am Jur 2d, Products Liability §§ 267, 368, 931, 933, 936, 946, 963.

2. Negligence § 35.2 (NCI3d) — explosion of flash tank at paper plant — contributory negligence — summary judgment for defendants improper

Summary judgment should not have been granted for defendants on the basis of contributory negligence in an action arising from the explosion of a flash tank in a continuous digester system in a paper mill. As to any intervening cause resulting from plaintiff's actions, the rule is that, except in cases so clear that there can be no two opinions among men of fair minds, the question should be left for the jury to deter-

FEDERAL PAPER BOARD CO. v. KAMYR, INC.

[101 N.C. App. 329 (1991)]

mine whether the intervening act and the resulting injury were such that the author of the original wrong could reasonably have expected them to occur as a result of his own negligent act.

**Am Jur 2d, Products Liability § 932.**

3. **Evidence § 47 (NCI3d) — explosion at paper plant — expert testimony**

The Court of Appeals rejected defendants' contention that plaintiffs' experts were not qualified and that their opinions were without sufficient factual basis in an action arising from an explosion at a paper plant. Once the trial court determines that expert testimony will not mislead the trier of fact, any question as to the sufficiency of the factual basis of the opinion affects the credibility of the testimony but not its competence as evidence. That the experts were not the most qualified persons to express an opinion is not grounds for excluding their testimony. Questions of an expert's credibility may not be resolved by summary judgment.

**Am Jur 2d, Expert and Opinion Evidence § 59.**

APPEAL by plaintiffs from *Brooks (Dexter), Judge.* Judgment entered 23 December 1989 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 3 December 1990.

This is a civil action wherein plaintiffs seek to recover damages for defendants' negligence and breach of contract relating to defendants' design, manufacture, and installation of a continuous digester system in the Federal Paper Board (hereinafter FPB) mill located in Riegelwood, Columbus County, North Carolina. The record on appeal discloses that FPB and defendants entered into a contract whereby defendants were to construct and install a continuous digester system, the purpose of which is to turn wood chips into pulp for making paper, in the FPB paper mill. This system uses flash tanks to provide steam used in the process.

The system was installed and began to operate on 28 April 1981. On 1 June 1984, flash tank number 2 exploded, resulting in damage to FPB's property in addition to the continuous digester system, lost production, and extra operating expenses. FPB submitted a claim to its insurer, co-plaintiff Arkwright, who made payment to FPB in accord with the applicable insurance policy. Arkwright

and FPB instituted suit in July, 1986 to recover from the defendants the damages sustained as a consequence of the explosion.

In their complaint, plaintiffs averred that the number 2 flash tank failed as a result of an internal build up of pressure caused by the Kamyr's negligent failure to include sufficient protection in both the continuous digester system and the number 2 flash tank to guard against and/or prevent such overpressurization. Plaintiffs also allege that this failure to provide protection against overpressurization amounted to a breach of contract by defendants. Plaintiffs further allege that Kamyr Installations was negligent in connection with its failure to provide a properly erected number 2 flash tank.

Defendants filed an answer denying the material allegations of plaintiffs' complaint and moved for summary judgment. Defendants' motion was supported by answers to interrogatories, affidavits, and depositions tending to show the following: that plaintiffs' account of the events which led up to the accident could not have resulted in an explosion caused by overpressurization in the continuous digester system, that plaintiffs' experts were unqualified and/or their opinions were without a sufficient factual basis, that the pressure relief system was proper for the continuous digester system when used according to its operational instructions, that the system was not designed, manufactured or installed improperly, but was in the control of the plaintiff's operator who must not have taken the necessary steps to avoid overpressurization by utilizing the existing relief devices, and that the plaintiffs did not properly maintain or inspect the system.

After hearing evidence in support of and in opposition to the motion, and after having considered the memoranda and arguments of counsel for the parties, the Honorable Dexter Brooks entered summary judgment for the defendants on 27 December 1989. Plaintiffs appealed.

*Robins, Kaplan, Miller & Ciresi, by Brent J. Kaplan and R. Dennis Withers, for plaintiff, appellant.*

*Smith & Smith, by W. G. Smith, for plaintiff, appellant.*

*Womble Carlyle Sandridge & Rice, by Gene A. Dickey, J. Keith Tart, and Daniel Donahue, for defendants, appellees.*

HEDRICK, Chief Judge.

[1] Plaintiffs' argument on appeal is that the trial court erred by granting summary judgment for Kamyr and Kamyr Installations because there are disputed genuine issues of material fact and therefore defendants are not entitled to judgment as a matter of law. Plaintiffs argue that the issues which must be resolved by a jury include, but are not limited to: the cause of the failure of flash tank 2, alleged breach of contract and negligence of Kamyr in its design of the continuous digester system, and alleged negligence of Kamyr Installations in its supervision of the installation of flash tank 2.

Summary judgment is rarely appropriate in a negligence action. *Durham v. Vine*, 40 N.C. App. 564, 253 S.E.2d 316 (1979). The moving party must establish that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law. N.C.R. Civ. P. 56. In determining whether summary judgment is proper, the court must view the record in the light most favorable to the opposing party, giving to it the benefit of all reasonable inferences and resolving all inconsistencies in its favor. *Freeman v. Sturdivant Dev. Co.*, 25 N.C. App. 56, 212 S.E.2d 190 (1975).

The defendants have failed to show that there is no genuine issue of material fact. The record discloses that in answers to interrogatories and in depositions, the evidence from plaintiffs' experts tends to show that the continuous digester system was improperly designed in that it did not include sufficient safety relief valves to protect against overpressurization, that it did not have a fail safe system for protecting against such an explosion, and that the system was improperly installed. In addition, the "primary pressure relief device," a water loop seal, was closed off based on Kamyr's recommendation. Plaintiffs further argue that their systems operator followed Kamyr's operational instructions to avert overpressurization, and that the system nevertheless failed.

The defendants argue that there were sufficient safety relief devices which were not properly operated by plaintiff's operator nor inspected and maintained by plaintiffs, that the system was properly installed, and that the water loop seal was an accessory to be installed and maintained by the customer. They also contend that if the facts leading up to the explosion were as plaintiffs

suggest, there could not have been an overpressurization of the system.

These arguments show that there are multiple genuine issues of material fact when viewed in the light most favorable to the plaintiffs. Summary judgment may not be used to resolve factual disputes which are material to the disposition of the action. *Robertson v. Hartman*, 90 N.C. App. 250, 368 S.E.2d 199 (1988). Nor may summary judgment be used where conflicting evidence is involved. *Smith v. Currie*, 40 N.C. App. 739, 253 S.E.2d 645, *cert. denied*, 297 N.C. 612, 257 S.E.2d 219 (1979). Where there is any question regarding the credibility of plaintiffs' evidence as to the operating conditions at the time of the failure, or if there is a question which can be resolved only by the weight of the evidence, summary judgment must be denied. *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E.2d 190 (1980). Genuine issues exist in connection with causation and therefore preclude summary judgment in this action.

[2] Like negligence, contributory negligence is rarely appropriate for summary judgment. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E.2d 287 (1978). The burden of showing contributory negligence is on the defendant, and the motion for non-suit may never be allowed on such an issue where the material facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary to rely totally or partially on evidence offered for the defense. The motion for summary judgment and the motion for a directed verdict, formerly non-suit, are functionally similar. *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979). Contradictions or discrepancies in the evidence, even when arising from claimant's own evidence, must be resolved by the jury rather than the trial judge. *Allen v. Pullen*, 82 N.C. App. 61, 345 S.E.2d 469, *cert. denied*, 318 N.C. 691, 351 S.E.2d 738 (1986). As to any intervening cause resulting from plaintiff's actions, the rule is that except in cases so clear that there can be no two opinions among men of fair minds, the question should be left for the jury to determine whether the intervening act and the resultant injury were such that the author of the original wrong could reasonably have expected them to occur as a result of his own negligent act. *Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 311 S.E.2d 559 (1984). Based on the contradictions in the evidence, summary judgment should have been denied.

[3]   The defendants also argue that plaintiffs' experts are not qualified, and that their opinions are without sufficient factual basis. An expert witness is one who through study and/or experience is better qualified than the jury to form an opinion on a particular subject. *Bryant v. Sampson Memorial Hospital*, 72 N.C. App. 203, 323 S.E.2d 390 (1984), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 478 (1984). An expert's testimony should not be excluded because there are others who are better qualified or more knowledgeable. *Watts v. Cumberland County Hospital Systems, Inc.*, 75 N.C. App. 1, 330 S.E.2d 242, *disc. review denied*, 317 N.C. 321, 345 S.E.2d 201 (1985). Expert testimony is admissible as long as the witness can be helpful to the jury because of his superior knowledge. *Alva v. Cloninger*, 51 N.C. App. 602, 277 S.E.2d 535 (1981).

Once the trial court determines that the expert testimony will not mislead the trier of fact, any question as to the sufficiency of the factual basis of the opinion affects the credibility of the testimony but not its competence as evidence. *Barbecue Inn, Inc. v. Carolina Power & Light Co.*, 88 N.C. App. 355, 363 S.E.2d 362 (1988). If there is any question as to an expert's credibility in a summary judgment motion or if a question exists which can be resolved only by the weight of the evidence, summary judgment must be denied. *City of Thomasville*, 300 N.C. 651, 268 S.E.2d 190.

In this case, the record shows that plaintiffs' experts were sufficiently knowledgeable to express an opinion which would be helpful to the jury as to the causation of the explosion of the continuous digester system. That they were not the most qualified persons to express an opinion is not grounds for excluding their testimony. *Watts*, 75 N.C. App. 1, 330 S.E.2d 242. As to the question of the sufficiency of the factual basis of their opinions, this affects the credibility of the testimony and not its admissibility. *Barbecue Inn*, 88 N.C. App. 355, 363 S.E.2d 362. Questions of an expert's credibility may not be resolved by summary judgment. *City of Thomasville*, 300 N.C. 651, 268 S.E.2d 190.

For the foregoing reasons, we hold that granting summary judgment for defendants was improper because genuine issues of material fact exist, and defendants are not entitled to summary judgment as a matter of law. The decision of the Superior Court is reversed.

Reversed.

Judges LEWIS and WYNN concur.