BEVERLY W. HORNE, Plaintiff-Appellee v. ROADWAY PACKAGE SYSTEMS, INC., Defendant-Appellant

No. COA97-835

(Filed 7 April 1998)

1. **Evidence and Witnesses § 2169 (NCI4th)— expert testimony—economic loss—hypothesis of total disability—evidence supporting**

    The trial court did not abuse its discretion in a negligence action arising from a parking lot accident by admitting economic loss testimony where there was evidence to support the hypothesis of total and permanent disability.

2. **Damages § 172 (NCI4th)— personal injury action—future medical expenses—evidence supporting instruction**

    The trial court did not err in a negligence action arising from a parking lot accident by instructing the jury that it could award damages and compensation for future medical expenses where there was medical testimony that plaintiff would require therapy and medication for pain and that she would require therapy and medication for depression as a result of her injuries.

Appeal by defendant from judgment entered 31 January 1997 and orders entered 19 February 1997 by Judge Richard B. Allsbrook in Wilson County Superior Court. Heard in the Court of Appeals 19 February 1998.

*Conner, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson; and Thomas & Farris, P.A., by Kurt D. Schmidt, for plaintiff-appellee.*

*Poe, Hoof & Reinhardt, by G. Jona Poe, Jr., and James C. Worthington, for defendant-appellant.*

MARTIN, John C., Judge.

Plaintiff brought this action to recover damages for personal injuries allegedly caused by the negligence of defendant's employee. Plaintiff alleged that she was injured as a result of a low-speed parking lot accident which occurred on 30 March 1994 when the car which she was driving was struck by a delivery truck driven by defendant's employee. Defendant denied negligence and asserted plaintiff's contributory negligence as a bar to her claim. A jury answered the issues

**HORNE v. ROADWAY PACKAGE SYSTEMS, INC.**

[129 N.C. App. 242 (1998)]

of negligence and contributory negligence in plaintiff's favor and awarded damages in the amount of $1,000,000. Defendant's motions for judgment notwithstanding the verdict and for a new trial were denied, and defendant appeals.

As pertinent to the issues raised on appeal, evidence at trial tended to show that after the collision, plaintiff complained of pain in her neck and shoulder, and later developed pain in her lower back. She was seen in the emergency room at Wilson Memorial Hospital and by an orthopedic physician; radiologic studies were negative for fracture or disk dislocation. Plaintiff then underwent a course of chiropractic treatment for several months, but continued to have pain. Subsequently, plaintiff developed pain and weakness in both hands and arms; in February and March 1995, she underwent surgery for release of carpal tunnel syndrome bilaterally.

At the time of the accident, plaintiff was twenty-two years of age and was employed as a hairdresser. She returned to work for a period of time after the accident, but was unable to work after her carpal tunnel release surgery due to pain. She testified that she continues to suffer pain in her neck and arms on a daily basis, for which she takes medication.

According to the opinion testimony of Dr. Gerald C. Vanden Bosch, the orthopedic surgeon who performed the carpal tunnel release surgery, the conditions from which plaintiff suffers resulted from the 30 March 1994 accident and she will continue to experience pain in her neck, arms and back, which may require therapy and pain medication. In his opinion, she has a twenty percent (20%) permanent disability of her neck and a five percent (5%) permanent disability of her back. Dr. Michael Kushner, a neurologist, opined that plaintiff had suffered a cervical sprain and nerve injuries due to trauma as a result of the accident, and that she will continue to suffer pain. In his opinion, she has a ten (10%) permanent disability of her whole person. Finally, Dr. Stephanie Griffin, a family practice specialist, testified that plaintiff suffers from, and will continue to suffer from, depression as a result of the chronic pain caused by her injuries. Plaintiff takes medication for anxiety and depression and, in Dr. Griffin's opinion, will always require treatment for depression and pain.

Plaintiff also offered the testimony of Dr. J. Finley Lee, an economist, who rendered an opinion that the present value of plaintiff's economic loss as a result of her injuries is between $479,699.00 and $535,298.00.

**[1]** Defendant assigns error to the admission of the economic loss testimony by Dr. Lee. Citing *Keith v. United Cities Gas Co.*, 266 N.C. 119, 146 S.E.2d 7 (1966), defendant argues the trial court should have excluded the testimony because Dr. Lee premised his testimony upon the incorrect assumption that plaintiff was permanently totally disabled, when the medical evidence disclosed that she was, at most, partially disabled. We reject the argument.

Challenges to the quality of the data upon which an expert witness based his opinion go to the weight to be accorded that opinion, but are not generally grounds for its exclusion. *Rutherford v. Bass Air Conditioning Co., Inc.*, 38 N.C. App. 630, 248 S.E.2d 887 (1978), *disc. review denied*, 296 N.C. 586, 254 S.E.2d 34 (1979). Nevertheless, expert opinion testimony can be excluded, when the trial court determines the opinion is based upon obviously inadequate data, facts which are unsupported or contradicted by the evidence, or when the chance of misleading the jury outweighs the probative value of the evidence. *Id.* " 'Once the trial court in its discretion determines that the expert testimony will not mislead the trier of fact, any question as to the sufficiency of the factual basis of the opinion affects the credibility of the testimony but not its competence as evidence.' " *Barbecue Inn, Inc. v. CP&L*, 88 N.C. App. 355, 359, 363 S.E.2d 362, 365 (1988) (quoting *Powell v. Parker*, 62 N.C. App. 465, 468, 303 S.E.2d 225, 227, *disc. review denied*, 309 N.C. 322, 307 S.E.2d 166 (1983)).

In *Keith*, the Supreme Court rejected testimony by expert witnesses as to the cause of a fire because the hypothesis upon which the experts based their opinions was not supported by any evidence. Such is not the case here. Dr. Lee testified that his analysis of plaintiff's economic loss was based upon information that she had one hundred percent (100%) earning impairment, was incapable of working, and that her impairment was likely to be permanent. Total disability equates to the inability to perform work to earn any wages. *Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E.2d 743 (1978). Plaintiff testified that, other than caring for a family member's infant on an irregular basis, she had not been able to do any work and that everything she had tried to do had resulted in severe pain. Dr. Vanden Bosch testified that plaintiff was unable to return to her former work, and that he knew of no work which she would be able to perform. Dr. Vanden Bosch, Dr. Kushner, and Dr. Griffin all testified that plaintiff will continue to suffer pain and depression throughout her life as a result of her injury. Thus, there is evidence to support the hypothesis of total and permanent disability upon which

Dr. Lee based his opinion as to economic loss, and the trial court did not abuse its discretion by admitting the testimony. This assignment of error is overruled.

[2] By its second assignment of error, defendant contends there was no evidence to support the trial court's instruction to the jury that it could award damages for medical expenses which plaintiff will incur in the future as a result of her injuries. We disagree.

"It is proper to instruct the jury to compensate plaintiff for prospective damages 'where there is sufficient evidence of pain, disability or other injury continuing into the future to justify consideration thereof.'" *Goble v. Helms*, 64 N.C. App. 439, 448, 307 S.E.2d 807, 813 (1983), *disc. review denied*, 310 N.C. 625, 315 S.E.2d 690 (1984) (quoting *Brown v. Neal*, 283 N.C. 604, 197 S.E.2d 505 (1973)). Both Dr. Vanden Bosch and Dr. Griffin testified that plaintiff would require therapy and medication for pain in the future; Dr. Griffin also testified that plaintiff would require future therapy and medication for the depression from which she suffers as a result of her injuries. Such evidence was sufficient to establish, with reasonable certainty, that plaintiff will incur future medical expenses, and it was proper for the trial court to instruct the jury that it could award damages in compensation therefor. This assignment of error is overruled.

No error.

Judges LEWIS and MARTIN, Mark D., concur.